**Louis SAENZ et al., Appellants,**

v.

**Roy LOVE et ux., Appellees.**

**No. 10501.**

Court of Civil Appeals of Texas.

Austin.

June 26, 1957.

Petry & Dean, H. C. Petry, Jr., John W. Claybrook, all of Carrizo Springs, for appellants.

Fuchs & Riedel, of New Braunfels, for appellees.

GRAY, Justice.

This appeal is from a judgment overruling a plea of privilege. Roy Love, Sr. and his wife sued Louis Saenz and Thomas Perez to recover damages for the death of their son Roy Love, Jr. It was alleged that Roy Love, Jr. died from injuries sustained by him when his automobile was in collision with a truck owned by Louis Saenz and then being operated by Thomas Perez. The suit was filed in Comal County where the collision occurred.

Saenz and Perez filed separate pleas of privilege and each prayed that the cause be transferred to the District Court of Dimmit County, the county of his residence. The Loves controverted both pleas of privilege and undertook to sustain venue in Comal County on the ground that a trespass was committed by Thomas Perez, the driver of the truck, in that county and that Louis Saenz, the owner, was also liable for the damages caused by its negligent operation.

At a nonjury trial both pleas of privilege were overruled. Only Louis Saenz has appealed.

The trial court filed findings of fact and conclusions of law but there is also a statement of facts in the record before us for which reason the findings are not conclusive. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156.

There is no controversy as to the sufficiency of the evidence to sustain venue in Comal County as to the nonappealing defendant Perez. For the purposes of this opinion (as to venue) it may be stated that the evidence is sufficient to show that Perez was the driver of the truck; that he committed an act or omission of negligence in Comal County, and that such negligence was a proximate cause of the injuries complained of. However as to Saenz the evidence shows only that he was the record owner of the truck. The record does not show that he was present at the accident. The proof of ownership of the truck is relied on as being sufficient to show that Perez was the servant, agent or representative of Saenz and that he was acting within the scope of his employment.

The statement of facts appears to be an agreed statement and shows:

"9. At the time of said accident the truck being driven by the defendant Perez was carrying a load of watermelons.

"10. The truck being driven by the defendant Perez at the time of the accident complained of had been registered with the Texas Highway Department, during the year 1955, under the name of the defendant Saenz, as owner; as evidenced by a duly authenticated and certified copy of an official public record of said Department, which was introduced in evidence without objection.

"* * * There was no evidence that the defendant Perez had stated, at any time to anyone, that he was driving said truck for the defendant Saenz at the time of said accident or at any other time, nor that he was or had ever been an employee of, or a joint adverturer with the defendant Saenz. Nor was there any evidence that the defendant Perez had stated to anyone at any time that he was not driving said truck on a mission exclusively his own.

"No evidence was introduced which would tend to show that the defendant Saenz's name or insignia was written or printed on said truck at the time of said accident or at any other time.

"The only facts proved and the only evidence adduced which would tend to support a finding that the defendant Saenz owned said truck, that the defendant Perez was an agent or employee of the defendant, or that the defendant Perez was acting within the scope of his employment by or agency for the defendant Saenz, at the time of said accident, are the facts and evidence set out in paragraphs numbered '9' and '10', above."

Among other findings, the trial court found:

"9. That the defendant, Perez, was hauling a load of watermelons, but he was not hauling for himself.

"10. Defendants introduced no evidence in support of their Pleas of Privilege."

The court concluded:

"3. That defendants' operation of defendant's truck was a negligent operation and a trespass in Comal County, Texas, under subdivision 9 of art. 1995 of the Revised Civil Statutes of Texas.

"4. That the Defendant, Perez, was acting in the scope of his employment as the agent of Defendant Saenz at the time of the trespass on June 6, 1955 in Comal County, Texas, where the above entitled suit was filed.

"5. That Defendants introduced no evidence in support of their Pleas of Privilege."

The statement of evidence, the findings of fact and conclusions of law supra are all that are material to the question presented except that it may be added that there is no evidence as to who Perez was hauling watermelons for, whether for himself or for someone else. Also the only evidence supporting, in any way conclusion 4 supra, is that Saenz was the owner of the truck, unless we can say that the conclusion is supported by his failure to offer any evidence.

In Brown Express, Inc., v. Arnold, 138 Tex. 70, 157 S.W.2d 138, 139, Arnold and wife sued Brown Express, Inc. and J. L. Walker for damages resulting from a collision of an automobile driven by Walker with one driven by Arnold. It appears that Walker was an employee of Brown Express, Inc. The question was venue as to Brown Express, Inc., in the county where the collision occurred and where the suit was filed. Walker did not file a plea of privilege. The court said:

"The controversy in the courts below and here relates to whether the testimony showed that Brown Express, Inc. had committed a trespass against the plaintiffs in Comal County, that is, whether proof that Walker was the agent of Brown Express, Inc., at the time of the collision was sufficient to show a trespass committed by his principal, in the absence of proof that he was at such time acting in the scope of his employment as such agent."

The court's holding was:

"To sustain venue in this case on the ground of trespass certainly the plaintiff would have to show (1) that the act of Walker constituted a trespass; (2) that he was the agent of Brown Express, Inc., and (3) that when he committed it he was acting in the course of his employment as such agent."

In the case before us there is no evidence that Perez was the agent of Saenz at the time of the collision or for that matter at any other time, and none that he was acting within the course of his employment with Saenz.

The ownership of the automobile driven by Walker in the above case is not shown however the consistency of our Supreme Court in adhering to its decision in Brown Express, Inc., v. Arnold, supra, makes it certain that the holding applies to the facts, or absence of facts, here.

In Moreland v. Hawley Independent School Dist., Tex.Civ.App., 163 S.W.2d 892, 894, the School District sued Moreland, Harber and Edins, all residents of Taylor County, for damages resulting from a collision of a truck owned by Moreland and driven by Edins with a school bus owned by the district. The collision occurred in Jones County where the suit was filed. It appears that Harber was made a party defendant under an allegation that he and Moreland operated under a trade name. Edins answered on the merits but Harber and Moreland filed pleas of privilege. Harber was dismissed from the suit, Moreland's plea of privilege was overruled and he appealed. The Court of Civil Appeals summed up the evidence as follows:

"There was evidence that the truck was owned by H. J. Moreland; but there was no other competent evidence of any probative value upon said issues. There was no evidence that Joe Edins in driving the truck was performing any service for the owner. There was no evidence that he was an employee of Moreland. There was, therefore, of course, no evidence that if he was an agent or employee he was acting within the scope of his employment".

The court cited Brown Express, Inc. v. Arnold, supra, and said:

"Under this authority, and the state of the evidence as before recited, there is no escape from the conclusion that there was no evidence to sustain venue under exception 9 in Jones County as to H. J. Moreland."

However in affirming the judgment overruling Moreland's plea of privilege the court said:

"Since we have found that venue as to Joe Edins in Jones County was authorized under exception 9 it follows that venue was authorized as to Moreland under exception 29a in order that plaintiff may secure 'full relief in "such suit." ' It is, therefore, the conclusion of the majority that the order overruling the plea of privilege should be affirmed, and it is accordingly so ordered."

Moreland filed his motion to certify the following question:

"In order to hold venue under subdivisions 9 and 29a of Article 1995 * * * where suit is brought against two persons for joint and several judgment for damages on the theory that a trespass has been committed, is it

necessary for plaintiff to allege in his controverting affidavit and prove on the hearing that the person alleged to be the agent of the other is in fact the agent and acting within the scope of his authority."

Moreland v. Hawley Independent School Dist., Tex.Civ.App., 169 S.W.2d 227, 228. In writing on Moreland's application for a mandamus to compel the Court of Civil Appeals to certify the above quoted question our Supreme Court said:

"It is an elementary principle that before one person can be held responsible for the acts of another, in the absence of special circumstances, it must appear that the latter was the agent of the former and was acting in the scope of his employment in doing what he did. It is not claimed that Moreland personally ran the truck into respondent's bus. Edins was the actor. Hence, Moreland cannot be said to have 'committed a trespass' in Jones County until it is shown that Edins was his agent and acting within the scope of that agency when he suffered the truck to collide with the bus.

"We have this day held, in Tarrant et vir v. Walker, Chief Justice, et al., [140 Tex. 249], 166 S.W.2d 900, that subdivision 29a, Art. 1995, supra, cannot operate to fix venue in Jones County as to Moreland, because he is not a necessary party to the suit. However, if he were such a party, it would still be necessary to make proof in line with this opinion before he could be held for trial there in the face of his plea of privilege.

"Again therefore, as in Brown Express, Inc., v. Arnold et ux., supra, we answer 'yes' to the question petitioner seeks to have certified.

"It follows that the application is granted as prayed and the writ of mandamus will issue unless the Court of Civil Appeals conforms its descisions to ours." Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902, 904.

The Court of Civil Appeals elected to certify questions to the Supreme Court one of which questions asked if Moreland was a necessary party to the suit within the provisions of exception 29a. That question was answered "No." Moreland v. Hawley Independent School Dist., 140 Tex. 391, 168 S.W.2d 660.

The burden of proving facts sufficient to sustain venue in Comal County rested on appellees—the Loves, until they discharged such burden there was no occasion for appellant Saenz to offer evidence and his failure to do so cannot raise any presumption in aid of appellees' alleged cause of action. The rule that a party's case may be aided by the opposite party's failure to offer evidence is that "such presumption does not arise until the party upon whom the burden of proof rests has made a prima facie case." Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112, 117.

The opinions of our Supreme Court in Brown Express, Inc. v. Arnold, Tarrant v. Walker, Moreland v. Leslie and Moreland v. Hawley Independent School Dist. all supra are adverse to the holding of the trial court in this cause. Those cases decide all questions of venue raised by the evidence before us and require that the judgment of the trial court in this cause be reversed. The only question remaining for our decision is whether the cause should be remanded or judgment here rendered. It is our opinion that the cause has not been fully developed and that it should be remanded.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.