**Jimmy F. HEMPHILL, Relator,**

v.

**Honorable James R. MEYERS, Judge and Elizabeth Lewis, Respondents.**

**No. 11869.**

Court of Civil Appeals of Texas, Austin.

July 14, 1971.

Rehearing Denied July 21, 1971.

Long, Coleman, Wright & Merriman, T. B. Wright, Austin, for relator.

Green, Kaufman & Lanfear, V. E. Lanfear, Jr., San Antonio, for respondents.

SHANNON, Justice.

This is a mandamus action to compel the district court to enter judgment for the relator upon a jury verdict in an automobile negligence case. Elizabeth Lewis, one respondent, was plaintiff below and Jimmy F. Hemphill, relator, was defendant.

A summary of the facts necessary for this opinion follows. The automobile collision occurred as the plaintiff drove from a private drive on to a public street. The defendant alleged that the plaintiff was guilty of several acts of contributory negligence, one being, in failing to yield the right-of-way in violation of Article 6701d, Section 74, Vernon's Ann.Civil Statutes.

The court submitted special issues inquiring of defendant's negligence and of plaintiff's contributory negligence. In formulating the defendant's theory of plaintiff's failure to yield the right-of-way under Section 74 the court submitted the following instruction and issues.

"In connection with the following Special Issues No. 13 and 14, you are instructed as follows:

'A driver of a vehicle about to enter or cross a public street from a private driveway is required to yield the right-of-way to all vehicles approaching on said public street.'

SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that the failure of Elizabeth Lewis to yield to the vehicle driven by Jimmy Hemphill was negligence?

Answer 'We do' or 'We do not'.

ANSWER: _____

SPECIAL ISSUE NO. 14

Do you find from a preponderance of the evidence that the failure of Elizabeth Lewis to yield to the vehicle driven by Jimmy Hemphill was a proximate cause of the occurrence in question?

Answer 'We do' or 'We do not'.

ANSWER: _____"

■ The jury answered Special Issue Number 14 affirmatively, but failed to answer Number 13. Both plaintiff and defendant failed in their burden to obtain affirmative findings with respect to their other grounds for recovery and defense. Based upon the jury finding to special issue 14, the defendant moved for judgment upon the theory of negligence per se. The court overruled the defendant's motion for judgment. The court then set aside the verdict of the jury and declared a mistrial. In the order of mistrial the court stated that Article 6701d, Sec. 74, Vernon's Civil Statutes does not provide an absolute statutory standard of conduct, the violation of which constitutes negligence per se, and since the jury failed to answer the negligence issue, the defendant had not established his defense. We agree.

Section 74 of Art. 6701d, Vernon's Civil Statutes provides:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

The duty imposed upon the driver to yield the right-of-way by Sec. 74 is not absolute, but rather conditional. Warren Petroleum Company v. Thomasson, 268 F.2d 5 (5th Cir. 1959). See Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956). There have been no cases in point, construing Sec. 74 since Warren. Warren has been criticized as an unnecessary intrusion upon "the established law of negligence per se," Ratliff, 41 T.L.R. 104 and as an unwarranted extension of McFerrin, Kronzer, Personal Injury Litigation in Texas § 12.11, at 762 n. 89, (1961). However, we are not persuaded by relator's arguments that Warren is incorrect.

■ Since the duty under Section 74 is conditional, the defendant had the burden to secure a finding of negligence, and absent that finding, the trial court correctly refused to enter judgment for the defendant.

The petition for writ of mandamus is denied.

Mandamus denied.