Danny Lavelle **RENFROE**, Appellant,

v.

Joseph **RAMSEY**, Appellee.

No. 596.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 23, 1972.

Tom M. Davis, Jr., Charles G. King, III, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Thomas N. Thurlow, Edward J. Hennessy, Houston, for appellee.

BARRON, Justice.

This is an appeal from an order overruling a plea of privilege. Joseph Ramsey filed suit for injuries sustained in an automobile collision alleged to have occurred in Harris County, Texas. Danny Lavelle Renfroe filed a plea of privilege seeking to transfer the cause to his county of residence, Caldwell County. Plaintiff Ramsey controverted on the basis of Vernon's Tex.Rev.Civ.Stat.Ann. Art. 1995, subdivision 9a (1960), urging that venue lay in Harris County, allegedly the situs of the accident. At the hearing on the plea of privilege, following brief testimony by plaintiff, the plea was overruled. Defendant Renfroe's appeal brings that decision before us for our consideration.

Appellant's sole point of error contends that the record reveals no evidence to establish any of the venue facts of Subdivision 9a. Subdivision 9a provides as follows:

"*Negligence.*—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue

facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries."

To demonstrate the first of these three elements appellee invokes Tex.Rev.Civ.Stat. Ann. Art. 6701d, Sec. 71(c) (1971), which reads,

"The driver of a vehicle on an unpaved street or roadway approaching the intersection of a paved roadway shall stop, yield and grant the privilege of immediate use of such intersection to any vehicle on such paved roadway which is within the intersection or approaching such intersection in such proximity thereto as to constitute a hazard, and after so stopping may only proceed thereafter when such driver may *safely* enter the intersection without interference or collision with traffic using such paved street or roadway." (Emphasis added)

This statute is said to establish an absolute standard of conduct so that any breach of that standard constitutes negligence per se. We do not agree. That section is one of those "provisions couched in broad and vague terms which arguably include the 'reasonable man' standard." J. Ratliff, Negligence Per Se in Texas: An Analysis of Statutory Excuse and Related Doctrines With Proposed Special Issues and Instructions, 41 Tex.L.Rev. 104, 114 (1962). Violation of statutory standards of conduct which are phrased in terms such as "plainly visible" or "with safety" has been held by Texas courts not to constitute negli-

gence per se, and instead the reasonable man standard has been read into the statute. E. g., Missouri-Kansas-Texas R. R. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956); Booker v. Baker, 306 S.W.2d 767 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.); Williams v. Price, 308 S.W.2d 185 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.); and see Craker v. City Transportation Company of Dallas, 316 S. W.2d 447 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.). We think that the duty imposed by sec. 71(c) upon a driver on an unpaved road is not absolute, but rather is conditional. Whether the appellant could "safely" enter the intersection without interference or collision with traffic using such paved street or roadway is a question of fact to be determined from the evidence. The prudent driver standard must be applied in determining whether appellant-defendant Renfroe's conduct was negligent. A similar conclusion was reached in the recent case of Hemphill v. Meyers, 469 S. W.2d 327 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.), which concerned art. 6701d, sec. 74 imposing upon a driver entering a highway from a private road a duty to yield the right-of-way to all vehicles approaching on the highway. The Court of Civil Appeals, cited for support Warren Petroleum Company v. Thomasson, 268 F.2d 5 (5th Cir. 1959). Section 74 contains no subjective standards such as "with safety" or "safely," but is cast in seemingly mandatory language. If the language of section 74 provides less than an absolute statutory standard of conduct, then surely section 71(c), preventing one driver's proceeding until he "may safely enter the intersection without interference or collision," provides less than an absolute statutory standard. We think this language means "until a reasonable man so situated would think he could safely enter the intersection."

The bare fact of a collision at an intersection of paved and unpaved roads does not prove negligence. Other circum-

stances also must be considered. Employing the philosophy of the above cases, the driver entering on the unpaved road still, under all the surrounding circumstances, may have acted "safely" in so entering the intersection, even though his action in fact caused the collision. Perhaps it is more proper conceptually to say that the fact of a collision necessarily proves that it was unsafe and thus negligent to enter the intersection. In that case the notion of reasonableness and prudence arises only at the point of a statutory excuse to exonerate defendant for violating the statute. However, the net result as to the defendant is the same whether the trial court applies that concept or applies the procedure of reading the reasonable man standard directly into the statute, and Texas courts have adopted the latter of these two approaches. Whether the defendant driver's actions were such that he "safely" entered the intersection is for a trier of facts to determine based upon competent evidence.

■ We have carefully searched appellee's meager testimony, the only evidence in the record. There is evidence that appellee was involved in a collision in Harris County at an intersection where the paved road on which he was traveling crossed an unpaved street. But there is no evidence whatsoever to demonstrate any act of negligence on appellant's part. The mere occurrence of an accident is not proof of negligence under subdivision 9a. Lamb County Electric Cooperative v. Cockrell, 414 S.W.2d 228 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.). The only question posed by appellee's counsel which in any way related to negligence asked whether the other vehicle's driver made any attempt to stop before proceeding into the intersection. Appellee's response was that his vision had been obscured by shrubs and trees growing on the corner and that he simply could not determine whether any attempt to stop was made by the other driver. We are compelled to hold that appellee has failed to prove the first venue fact under subdivision 9a.

■ Even if negligence per se were developed, we think that the record is devoid of any evidence proving the second venue fact, that the alleged act of negligence was committed by the appellant. Reference in the record to the style of the suit naming appellant as defendant is no proof that appellant, Renfroe, was the correct person to sue. The above is no evidence that appellant Renfroe was driving the other car or was involved in the collision with appellee. Nor is there any probative effect to appellee's reply to the leading question propounded by the attorney, to wit:

"Did the other vehicle *driven by the defendant* in this case make any attempt to stop prior to coming onto Fellows Road, as far as you know?" (Emphasis added)

The question is conclusionary and appellee's answer responds not to the reference to "the defendant," but to the inquiry regarding any attempt to stop. Moreover, during oral argument appellee's counsel stated that following the collision appellee was in no condition to determine the other driver's identity. Nor is there any indication he observed him prior to the collision so as to be able to identify him at a later time. Appellee testified that the first time he saw the other car was when it was already in the intersection, whereupon he attempted to avert impact.

■ Appellant contends that injury to appellee was a necessary element of the third venue fact dealing with proximate cause. That venue fact requires that the negligence referred to in venue facts one and two be a proximate cause "of plaintiff's *injuries*." This language in Section 9a has been held to require plaintiff to show that he sustained some injury. Burris v. Wilson, 363 S.W.2d 885 (Tex.Civ.App.—Amarillo 1962, no writ); Bryant v.

**652**

Kimmons, 430 S.W.2d 73 (Tex.Civ.App.— Austin 1968, no writ). We do not hold that the extent of the injury suffered by the plaintiff, if any, constitutes a part of the above venue fact. See Spoon v. Penix, 422 S.W.2d 167 (Tex.Sup.1967). But the record before us contains no evidence or mention of any injury whatsoever. See Hawkins v. Schroeter, 212 S.W.2d 843, 846 (Tex.Civ.App.—San Antonio 1948, no writ).

■ To buttress his efforts to prove the required venue facts, appellee has pointed to the accepted rule of evidence that one party's failure to adduce evidence of his own enhances that of the other party's case. That presumption, however, does not arise until the party bearing the burden of proof has made a prima facie case. Saenz v. Love, 304 S.W.2d 253 (Tex.Civ.App.—Austin 1957, no writ). Appellee here, as noted above, has not made a prima facie showing of the venue facts under subdivision 9a. Appellee's reliance upon Strickland Transport Company v. Atkins, 223 S.W.2d 675 (Tex.Civ.App. —Dallas 1949, no writ) is equally unavailing. Here, unlike Strickland, there is legally insufficient evidence to prove the requisite venue facts. Failure to object in some fashion to appellee's evidentiary shortcomings cannot supply a complete lack of evidence with probative value.

■ Because appellee has wholly failed to sustain his burden of proof under Article 1995, Subdivision 9a, the order overruling appellant's plea of privilege must be reversed. The order is reversed and remanded to the trial court with instructions to transfer it to the District Court of Caldwell County, Texas. The case seems to be as fully developed as possible under the circumstances. Pharr v. Medaris Company, 345 S.W.2d 428 (Tex.Civ.App.—Dallas 1961, no writ).