Charles CUDWORTH, et al., Appellants,

v.

SOUTH TEXAS PAISANO CONSTRUCTION CO., et al., Appellees.

No. 04–85–00067–CV.

Court of Appeals of Texas, San Antonio.

Feb. 5, 1986.

Rehearing Denied March 4, 1986.

Bond Davis, San Antonio, Robert L. Lemons, William Palmer, Atty. Gen.'s Office, Austin, Judith Blakeway, San Antonio, for appellants.

Timothy Patton, Groce, Locke & Hebdon, San Antonio, for appellees.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is a personal injury and property damage suit arising out of an accident involving a tractor-trailer rig driven by an employee of South Texas Paisano Co. and a Missouri Pacific train. The issues we must decide are whether appellants have established negligence per se on the part of the Paisano employee based on his violation of the Texas Uniform Act Regulating Traffic on Highways [1] and, if not, whether the jury was correct in its finding that the employee was not negligent.

This was not a typical vehicle-train collision. Sometime in the evening of March 13, 1982, Richard Homer Smith, in the course and scope of his employment with Paisano, was driving the tractor-trailer rig loaded with a bulldozer on the shoulder of Interstate Highway 37 about four and one-half miles east of Pleasanton, Texas. As his rig approached an overpass spanning railroad tracks below, the rig climbed the guardrail and eventually fell off the overpass to the tracks where it was struck by a Missouri Pacific train. Smith was killed in the accident. Missouri Pacific and members of the train's crew sued Paisano for property damage and personal injuries. The State of Texas intervened seeking to recover for damage to its overpass.

Appellants predicated their suit on negligence, negligence per se and *res ipsa loquitur*. Their negligence per se argument centered on Smith's operation of the rig on the improved shoulder of the highway in violation of section 54A(a) of the Traffic Regulation Act. The case was tried to a jury which found in answer to Special Issue No. 1 that Smith was driving on the improved shoulder to the right of the main traveled portion of the roadway. The jury, however, failed to find that this action constituted negligence, and did not answer the proximate cause issue which was conditioned on a positive answer to the negligence question. The trial court entered judgment that the plaintiffs take nothing. Charles Cudworth, the train's engineer, Missouri Pacific and the State have appealed.

Appellants contend that the jury's answer to the first special issue conclusively established a statutory violation which constituted negligence per se. Paisano argues that section 54A(a) does not constitute an unconditional standard of conduct, therefore defendant's liability must be determined by the application of common law negligence standards. Section 54A(a) reads as follows:

Sec. 54A. (a) A driver may operate a vehicle on an improved shoulder to the right of the main traveled portion of the roadway as long as necessary and when the operation may be done in safety only under the following circumstances:

(1) to stop, stand, or park;

(2) to accelerate prior to entering the main traveled lane of traffic;

(3) to decelerate prior to making a right turn;

(4) to overtake and pass another vehicle that is slowing or stopped on the main traveled portion of the highway disabled or preparing to make a left turn;

(5) to allow other vehicles to pass that are traveling at a greater speed;

1. TEX.REV.CIV.STAT.ANN. art. 6701d (Vernon 1977 and Vernon Supp.1986). All statutory references are to this act.

(6) when permitted or required by an official traffic control device; or

(7) at any time to avoid a collision.

If section 54A(a) provides an appropriate standard for determining civil liability, a violation of the statute constitutes negligence per se as a matter of law if the violation is unexcused. *Wilson v. Manley,* 347 S.W.2d 778, 780 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.); *Phoenix Refining Co. v. Powell,* 251 S.W.2d 892, 896–97 (Tex.Civ.App.—San Antonio 1952, writ ref'd n.r.e.). If, on the other hand, the statute imposes a duty that is not absolute, but rather is conditional, violation of the statute does not constitute negligence per se. Instead, the "reasonable person" standard of common law negligence is read into the statute. *Missouri-K.-T. R.R. v. McFerrin,* 156 Tex. 69, 291 S.W.2d 931, 935–36 (1956) (construing § 86(d)); *Madara v. Marshall,* 578 S.W.2d 787, 790 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (construing § 72); *Renfroe v. Ramsey,* 477 S.W.2d 648, 650 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ) (construing § 71(c)); *Hemphill v. Meyers,* 469 S.W.2d 327, 328 (Tex.Civ.App.—Austin 1971, mand. overr.) (construing § 74); *Booker v. Baker,* 306 S.W.2d 767, 773–74 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.) (construing §§ 68 and 72).

■ We hold that the duty imposed by section 54A(a) is conditional rather than absolute. It does not impose an unconditional duty on all Texas motorists to refrain from driving on an improved shoulder. On the contrary, the statute permits driving on the shoulder when it can be done "in safety" under circumstances set out in the statute. It has long been recognized that when a duty is conditioned on the existence at the time of the occurrence of a certain state of facts, *McFerrin,* 291 S.W.2d at 936, or when the statutory standard of conduct is phrased in terms such as "with safety," the reasonable person standard will be read into the statute. *Renfroe,* 477 S.W.2d at 650. Thus, whether Smith could "safely" drive on the shoulder is a question of fact to be determined from the evidence by application of the common law negligence standard. *Madara,* 578 S.W.2d at 790; *Renfroe,* 477 S.W.2d at 650. It was therefore appellants' burden to secure a finding of negligence. *Madara,* 578 S.W.2d at 790; *Hemphill,* 469 S.W.2d at 328.

Missouri Pacific and Cudworth argue that the jury's refusal to find Smith negligent is against the great weight and preponderance of the evidence. The State has not challenged this finding in a point of error. There were no eye witnesses to the accident other than the decedent. Only one witness, an accident reconstruction expert, testified regarding possible causes of the accident. The witness admitted that he could not tell conclusively why the tractor-trailer left the highway. He did speculate on some possible causes. His examination of marks on one of the trailer's tires led him to conclude that it had been struck shortly before the accident by another vehicle. While the expert thought that that contact alone would not have moved the rig off the road, it could have caused Smith to take evasive action. The witness admitted, however, that the contact with the tire could have taken place one to four hours prior to the accident and that he found no clues at the scene to indicate that Smith had made any erratic manuevers or that he had decelerated rapidly. There was no evidence to indicate Smith had lost control of the vehicle. The expert also speculated that a braking failure or a steering mechanism failure may have occurred, but again his testimony was inconclusive.

■ No one will know with certainty why Richard Homer Smith was driving on the shoulder of Interstate 37 on the evening in question. The cause of the accident rests in mere conjecture. We must presume that Smith exercised ordinary care for his own safety. *Boaz v. White's Auto Stores,* 141 Tex. 366, 172 S.W.2d 481, 483 (1943). Further, the doctrine of *res ipsa loquitur* is not applicable when all facts connected with the occurrence fail to point to any particular cause of the injury, but merely show a state of affairs from which

**318**

an inference could reasonably be drawn that the injury was due to some cause other than the negligence of the defendant. *Robinson v. Crump*, 422 S.W.2d 536, 537–38 (Tex.Civ.App.—Houston [14th Dist.] 1967), *writ ref'd n.r.e. per curiam*, 427 S.W.2d 861 (1968). We therefore cannot say that a preponderance of the evidence points to Smith's negligence.

We need not consider appellants' remaining points of error which challenge certain jury findings regarding appellants' damages. In the absence of a finding of liability, the damages issues become immaterial. *Southern Pine Lumber Co. v. Andrade*, 132 Tex. 372, 124 S.W.2d 334, 335 (1939).

The judgment of the trial court is affirmed.