In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-99-00122-CV


______________________________




SUPREME BEEF PACKERS, INC., Appellant



V.



RON BARTLEY MADDOX, Appellee




 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 32558




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 This is an appeal from a negligence suit arising from a job-related injury. Ron Bartley
Maddox worked for Supreme Beef Packers, Inc. (Supreme), where he was responsible for making
minor equipment repairs. While standing in water, Maddox tried to plug some equipment into an
electrical outlet, and he received an electrical shock that injured him. He successfully sued Supreme
for damages, alleging negligence per se based on violations of the Occupational Safety and Health
Act (OSHA).

 We consider only Supreme's first issue, it being dispositive and properly preserved for
review. (1) That issue is whether it was proper for the trial court to submit twelve jury instructions
stating that it is negligence per se for an employer to fail to comply with certain OSHA regulations. 
For reasons that follow, we conclude that the OSHA regulations at issue may not be the basis for a
claim of negligence per se, so the court's instructions incorrectly stated the law. We therefore reverse
the judgment of the trial court and remand the cause for a new trial.

 Negligence per se is a concept whereby a legislatively imposed standard of conduct is
adopted by the civil courts as defining the conduct of a reasonably prudent person. Carter v. William
Sommerville & Son, Inc., 584 S.W.2d 274, 278 (Tex. 1979); Moughon v. Wolf, 576 S.W.2d 603, 604
(Tex. 1978). In such a case, the jury is not asked to decide whether or not the defendant acted as a
reasonably prudent person would have acted under the same or similar circumstances. The statute
itself states what a reasonably prudent person would have done. If an excuse is not raised, the only
inquiry for the jury is whether or not the defendant violated the statute or regulation and, if so,
whether the violation was a proximate cause of the injury. Carter v. William Sommerville & Son,
Inc., 584 S.W.2d at 278.

 Courts have held that it is negligence per se to drive on the wrong side of the road, L.M.B.
Corp. v. Gurecky, 501 S.W.2d 300 (Tex. 1973); to fail to stop at a railroad crossing when a train is
approaching, S. Pac. Co. v. Castro, 493 S.W.2d 491 (Tex. 1973); to attempt to pass a vehicle when
nearing an intersection, Impson v. Structural Metals, Inc., 487 S.W.2d 694 (Tex. 1972), or to
knowingly permit an unlicensed person to drive a car, Mundy v. Pirie-Slaughter Motor Co., 146 Tex.
314, 206 S.W.2d 587 (1947). Other examples of statutes or ordinances that have been judicially
adopted for purposes of imposing civil liability include legislation regulating clearance heights of
bridges and other structures crossing railroad tracks, Missouri Pac. R. Co. v. Am. Statesman, 552
S.W.2d 99 (Tex. 1977); prohibiting participation in drag races, Parrott v. Garcia, 436 S.W.2d 897
(Tex. 1969); and regulating the placement of telephone poles, Alpine Tel. Corp. v. McCall, 143 Tex.
335, 184 S.W.2d 830 (1944). 

 In contrast to the laws at issue in the cases just noted, some statutes do not define a
mandatory standard of conduct, but merely create a standard of care, under which the duty of
compliance may be conditional or less than absolute. Proving a violation of a statute imposing such
a standard of care usually requires proof that the party charged with the violation has failed to
exercise ordinary care. See 13 William V. Dorsaneo III, Texas Litigation Guide § 290.02[4][b]
(1993); Borden, Inc. v. Price, 939 S.W.2d 247, 250-51 (Tex. App.-Amarillo 1997, pet. denied) (see
cases cited). For example, when a statute requires a person to exercise his or her judgment, as when
a driver should proceed only when it is safe to do so, the statute reflects a standard of care that is no
different from the ordinarily prudent person standard. But if the statute requires all persons to stop
in obedience to a red flashing light at an intersection, the statute clearly defines the prohibited
conduct, leaving the driver no discretion or room for the exercise of judgment, and it is therefore a
standard of conduct statute. See Sheppard v. Judkins, 476 S.W.2d 102, 114 (Tex. App.-Texarkana
1971, writ ref'd n.r.e.) (Ray, J., concurring). Whether a statute describes a mandatory standard of
conduct or incorporates the ordinarily prudent person standard of care must be determined on a case-by-case basis. 

 Where a statute incorporates the ordinarily prudent person standard, negligence per se does
not apply because the statute does not establish a specific standard of conduct different from the
common-law standard of ordinary care. In those cases, ''it is redundant to submit a question on the
statutory standard or to instruct the jury regarding it, and the negligence per se standard is subsumed
under the broad-form negligence question.'' Smith v. Cent. Freight Lines, Inc., 774 S.W.2d 411, 413-15 (Tex. App.-Houston [14th Dist.] 1989, writ denied); see also Louisiana-Pac. Corp. v. Knighten,
976 S.W.2d 674, 675 (Tex. 1998); Missouri Pac. R. Co. v. Lemon, 861 S.W.2d 501, 515 (Tex.
App.-Houston [14th Dist.] 1993, writ dism'd by agr.); Cudworth v. S. Texas Paisano Constr. Co.,
705 S.W.2d 315, 317 (Tex. App.-San Antonio 1986, writ ref'd n.r.e.) "[Where] the statute imposes
a duty that is not absolute, but rather is conditional, violation of the statute does not constitute
negligence per se. Instead, the 'reasonable person' standard of common law negligence is read into
the statute." Id.

 In this case, the contested jury instructions, followed by their purported legal bases, are as
follows:

 1. "The law forbids an employer from failing to meet its obligation to comply with all
occupational safety and health standards." See 29 U.S.C.A. § 654(a)(2) (West 1999).

 2. "The law forbids an employer from failing to comply with the housekeeping requirements
and prohibitions against permitting wet surfaces to exist in walking and work areas." See 29
C.F.R. 1910.22 (2001).

 3. "The law forbids an employer from failing to provide adequate personal protective
equipment necessary to do the work it requires employees to perform." See 29 C.F.R.
1910.132 (2001).

 4. "The law forbids an employer from failing to provide adequate specific electrical personal
protective equipment necessary to do the work it requires its employees to perform." See 29
C.F.R. 1910.137 (2001).

 5. "The law forbids an employer from failing to establish adequate procedures to make sure
that the workplace flooring and walking/working areas are free from water and damp
conditions." See 29 C.F.R. 1910.141 (2001).

 6. "The law forbids an employer from failing to establish adequate procedures to make sure
that the tools that it requires its employees to use operate safely and free from hazards
associated with their use." See 29 C.F.R. 1910.242 (2001). 

 7. "The law forbids an employer from failing to establish adequate procedures to prevent
contact with energized electrical circuits or conductors and to make sure that the electrical
equipment it requires its employees to use are free from recognized hazards associated with
their use." See 29 C.F.R. 1910.303 (2001).

 8. "The law forbids an employer from failing to establish adequate training regarding
electrical hazards and use of electrical equipment." See 29 C.F.R. 1910.332 (2001).

 9. "The law forbids an employer from failing to establish adequate electrical work practices
and procedures." See 29 C.F.R. 1910.333 (2001).

 10. "The law forbids an employer from failing to provide adequate electrical protective
equipment.: See 29 C.F.R. 1910.333 (2001).

 11. "The law forbids an employer from failing to establish adequate procedures to insure that
employees are using safe electrical equipment." See 29 C.F.R. 1910.334 (2001).

 12. "The law forbids an employer from failing to establish adequate electrical safeguards for
personal protection." See 29 C.F.R. 1910.335 (2001).

Each of these instructions concluded with the phrase, "A failure to comply with this law is
negligence itself." 

 Although these instructions purport to assist the jury in determining whether Supreme
violated certain statutes and regulations, some of these instructions fail to accurately reflect the
statutory requirements. For example, instructions two and five seem to state that the law requires
employers to ensure that there are no wet surfaces in walking and work areas. The law does not so
require. What the two regulations, on which these instructions are based, require is that "[t]he floor
of every workroom shall be maintained in a clean and, so far as possible, a dry condition," 29 C.F.R.
1910.22 (emphasis added), and "[t]he floor of every workroom shall be maintained, so far as
practicable, in a dry condition." 29 C.F.R. 1910.141 (emphasis added). These OSHA regulations
obviously require an employer to exercise judgment and discretion when determining what measures
are possible and practicable to achieve the desirable goal of dry working conditions. They do not
establish a mandatory standard of conduct, but rather reflect a standard of care for which the duty
of compliance is conditioned on what is possible or practicable. In other words, the duty of
compliance is conditioned on what is reasonable. It therefore remains the province of the jury to
decide whether the employer's conduct was reasonable under the circumstances, and the negligence
per se doctrine does not apply. 

 Instructions three and four suffer from a similar flaw. Although these instructions are not
inconsistent with the regulations, the regulations also provide that "[t]he employer shall assess the
workplace to determine if hazards are present, or are likely to be present, which necessitate the use
of personal protective equipment." 29 C.F.R. 1910.132(d). Thus, an employer must exercise
judgment and discretion when attempting to provide adequate personal protective equipment to its
employees. It is therefore left to the jury to decide if the employer acted reasonably. 

 Instructions six and seven basically state that the tools that an employer requires a worker
to use must be safe. There is obviously no clearly-defined standard of conduct specified here. 
Determining what is or is not safe in these circumstances bears practically no difference from
determining what is or is not reasonable.

 We need not consider individually the remaining instructions and underlying regulations. 
Suffice it to say that they similarly do not adequately reflect the law and are incompatible with the
doctrine of negligence per se.

 In support of his argument that OSHA regulations may be used to establish negligence per
se when the plaintiff is an employee of the defendant, Maddox relies on two cases, Dixon v. Int'l
Harvester Co., 754 F.2d 573, 581 (5th Cir. 1985), and Melerine v. Avondale Shipyards, Inc., 659
F.2d 706, 710-12 (5th Cir. 1981). Dixon involved simple negligence and not negligence per se, and
thus is not on point. However, the court in Dixon did comment on its decision in Melerine. The
Dixon court stated: "In Melerine . . ., we held that OSHA regulations provide evidence of the
standard of care exacted of employers, and thus may only be used to establish negligence per se
when the plaintiff is an employee of the defendant." 754 F.2d at 581 (citing Melerine, 659 F.2d at
710-12). We consider this to be a misstatement of the Melerine case. 

 In Melerine, the plaintiff raised both negligence in law (or per se) and negligence in fact
arguments. 659 F.2d at 708. The only issue the court decided relating to whether OSHA regulations
could be the basis for a negligence per se claim was whether the plaintiff was a member of the class
that the applicable OSHA regulations were intended to protect. Because the plaintiff was not such
a class member, the defendant was not negligent in law. 659 F.2d at 712. The court in Melerine
took the negligence per se analysis no further. Nowhere in the Melerine opinion does the court state
that OSHA regulations may be used to establish negligence per se, nor will we infer it solely from
the fact that the court considered whether the plaintiff was a member of the class protected by the
statute. And Maddox cites to no other authority in support of his argument. 

 Negligence per se instructions were inappropriate in this case. Because the jury charge failed
to properly reflect the law, Supreme was denied its right to have the jury determine whether it was 





in fact negligent. The instructions were harmful and constitute reversible error. We reverse the
judgment of the trial court and remand the cause for a new trial.



 William J. Cornelius

 Chief Justice


Date Submitted: December 5, 2001

Date Decided: January 15, 2002


Publish
1. Supreme raised its objection to the jury charge both at trial and in its motion for new trial.