**COUNTY OF DALLAS, Appellant,**

v.

**Jodie POSTON, Appellee.**

**No. 05–02–01405–CV.**

Court of Appeals of Texas,
Dallas.

April 17, 2003.

John Clark Long, IV, Asst. Dist. Atty., Jana Marie Prigmore, District Attorney's Office-Civil Division, Karen S. Nelson, Asst. Dist. Atty., Dallas, for Appellant.

Mark E. Hasse, Rockwall, for Appellee.

Before Justices LANG, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion By Justice FARRIS (Retired).

The County of Dallas (County) appeals in three points of error the trial court's judgment in favor of Jodie Poston, contending (1) the trial court granted recovery on a theory not supported by the pleadings; (2) the trial court misapplied

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

the law; and (3) the evidence is legally and factually insufficient to support the trial court's findings. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 1997, the County was resurfacing Range Road, a two-lane road heading east and west. Although there were barricades at the east and west ends of the construction area, there was no barricade at the exit from the parking lot for Poston's business. While Poston was attempting to turn right onto Range Road from the parking lot, his car was struck by a dump truck being driven westward in reverse in the eastbound lane of Range Road by Willard Allen, a County employee. Poston sued the County for personal injuries suffered by Poston in the accident. After a bench trial, the trial court entered judgment for Poston in the amount of $100,000. The County appealed.

### BASIS OF RECOVERY

■ In its first point of error, the County contends the trial court made an oral finding that Allen was not negligent in the operation and use of a motor vehicle and orally imposed strict liability on the County under a premises defect theory. A trial court's oral comments following a bench trial may not be substituted for a written finding of fact. *In re Doe 10*, 78 S.W.3d 338, 340 n. 2 (Tex.2002); *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex.1984) (per curiam). Thus, we may not look to such comments to determine the basis for the trial court's ruling. *Nesmith v. Berger*, 64 S.W.3d 110, 119 (Tex.App.-Austin 2001, pet. denied). The trial court's written findings of fact relate to Allen's negligence in the opera-

tion of a motor vehicle and form the basis of the trial court's judgment. TEX.R. CIV. P. 299. We overrule the County's first point of error.

### INCORRECT ANALYSIS OF THE LAW

In its second point of error, the County argues the trial court incorrectly applied the law by concluding Poston's negligence did not contribute to the accident and by holding the County strictly liable under a premises defect theory. The County's complaint that the trial court held the County strictly liable based on a premises defect theory is again based solely on the trial court's oral comments at the end of trial and, thus, lacks merit. *In re Doe 10*, 78 S.W.3d at 340 n. 2; *In re W.E.R.*, 669 S.W.2d at 716.

■ The County next argues that sections 545.155, 545.256, and 472.022 of the transportation code required Poston to yield the right-of-way to Allen and, therefore, the trial court misapplied the law by not finding that Poston's failure to yield the right-of-way to Allen caused the accident. Section 545.155 requires the operator of a motor vehicle who is about to enter or cross a highway from an alley, building, private road, or driveway to yield the right-of-way to a vehicle approaching on the highway to be entered. TEX. TRANSP. CODE ANN. § 545.155 (Vernon 1999). However, this duty is not absolute. *Hemphill v. Meyers*, 469 S.W.2d 327, 328 (Tex.Civ.App.-Austin 1971, orig. proceeding); *Warren Petroleum Co. v. Thomasson*, 268 F.2d 5, 8 (5th Cir.1959).[3] Rather, the appropriate inquiry is whether a reasonably prudent driver under the same or similar circumstances would have yielded the right-of-way. *Thomasson*, 268 F.2d at

---

**3.** Both the Austin Court of Appeals and the Fifth Circuit interpreted section 74 of Texas Revised Civil Statutes article 6701d, which is now codified in substantially similar language

at section 545.155 of the transportation code. *See* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1630.

8. Section 545.155 does not require a finding Poston was negligent as a matter of law.

■ Section 545.256 of the transportation code requires the operator of a motor vehicle emerging from an alley, driveway, or building in a business district to, on entering the roadway, yield the right-of-way to an approaching vehicle. TEX. TRANSP. CODE ANN. § 545.256. However, when the driver exercises some degree of care, it becomes an issue of fact as to whether the driver's conduct was negligent. *See Sneed v. Fort Worth Transit Co.,* 427 S.W.2d 920, 923 (Tex.Civ.App.-Fort Worth 1968, no writ); *Renfroe v. Ramsey,* 477 S.W.2d 648, 650 (Tex.Civ. App.-Houston [14th Dist.] 1972, no writ) (bare fact of collision at intersection of paved and unpaved roads does not prove negligence). Section 545.256 does not require a finding that Poston was negligent as a matter of law.

■ Section 472.022 of the transportation code makes it a criminal offense for a driver to disobey the instructions, signals, warnings, or markings of a warning sign. TEX. TRANSP. CODE ANN. § 472.022 (Vernon Supp.2003). The only warning sign at the exit from the parking lot was one that said "Road Work." There is no evidence it instructed Poston not to enter the eastbound lane of Range Road or that Poston ignored this sign.

The trial court did not misapply the law in concluding the issues of whether Poston's conduct was negligent and whether Poston's negligence contributed to the accident were questions of fact. The County's second point of error is overruled.

### SUFFICIENCY OF THE EVIDENCE

■ In its third point of error, the County argues the evidence is legally and factually insufficient to support the trial

court's findings that (1) the County did not have another person assisting Allen in backing up or directing other motor vehicle traffic in the area; (2) Allen backed his vehicle when such movement could not be made with reasonable safety; (3) the County was negligent in causing the accident and the County's negligence was the proximate cause of Poston's damages; (4) Poston's conduct did not constitute contributory negligence; and (5) the roadway and adjacent parking lot were not closed to traffic or barricaded to prevent access by vehicles. We review the legal and factual sufficiency of the evidence to support the trial court's findings of fact under the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996).

### A. The County's Negligence

■ It is undisputed that Allen and Poston were involved in an accident while Allen was driving a dump truck westward in reverse in the eastbound lane of Range Road and that Allen did not have a flagman in the area to assist him. Although Range Road was barricaded at the east and west ends of the construction zone, there was no barricade at the entrance of the parking lot. Following the accident, Allen said he did not see Poston and that Allen's main concern was ensuring he did not drive the dump truck on the fresh asphalt in the westbound lane. We conclude the evidence was legally and factually sufficient to support the trial court's findings that the County did not have another person assisting Allen in backing up or controlling other traffic in the area of the accident; that the roadway and adjacent parking lot were not closed to traffic; and that Allen backed his vehicle when such movement could not be made with reasonable safety.

### B. Cause of Accident

The County next challenges the sufficiency of the evidence to support the trial court's findings that the County's negligence was the sole cause of the collision and that Poston's negligence did not contribute to the accident. Allen struck Poston's vehicle while Allen was driving in reverse in the wrong lane of the road. Backing blindly into a vehicle that is lawfully headed in the right direction or that is lawfully parked is some evidence of negligence. *Lemos v. Montez*, 680 S.W.2d 798, 800 (Tex.1984). Therefore, the evidence is legally and factually sufficient to support the trial court's finding the County's negligence caused the accident.

Poston testified he stopped his car at an angle on the edge of the parking lot, intending to turn right into the eastbound lane. His car was not entering into the road or encroaching on the eastbound lane. Poston looked to his left to check for oncoming traffic. As he turned to look right, the dump truck hit his vehicle. The County argues that photographs of the damage to Poston's vehicle showed Poston actually turned right into Range Road and struck the back of the dump truck. A sheriff's deputy and a Mesquite police officer prepared reports indicating that, in their opinion, Poston turned right into Range Road and struck the back of the dump truck as it was backing toward him. Poston testified the dump truck ran over the hood of his car, causing the most damage on the driver's side. When there is conflicting evidence, we usually regard the finding of the trier of fact as conclusive. *Patel v. Ambassador Drycleaning Co.*, 86 S.W.3d 304, 308 (Tex.App.-Eastland 2002, no pet.). We conclude the evidence is legally and factually sufficient to support the trial court's determination Poston was not negligent.

### C. Proximate Cause

The County next challenges the legal and factual sufficiency of the evidence to support the trial court's finding the County's negligence was the proximate cause of Poston's damages. Dr. David Bauer, an orthopedic surgeon, testified that the two back surgeries he performed on Poston were, in reasonable medical probability, necessitated by the accident with Allen. Poston's pre-existing physical conditions would not have required surgery and contributed only twenty-five percent to Poston's complaints following the accident. Further, absent trauma, these pre-existing conditions would have remained at a low level of discomfort. The trial court reduced Poston's medical expenses by the twenty-five percent attributed to Poston's condition prior to the accident. Poston testified he could not perform his automobile repair work after the accident due to pain in his back and legs and had been forced to close his business. We conclude the evidence is legally and factually sufficient to support the trial court's finding the County's negligence caused Poston's damages.

### D. Conclusions of Law

The County also challenges the trial court's conclusions of law that the County's negligence was the sole, proximate cause of the accident and that Poston's conduct did not constitute contributory negligence. After reviewing all the evidence, we see no error in the trial court's conclusions of law. *MCI Telecomm. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999) ("We review the trial court's legal conclusions *de novo*."). The County's third point of error is overruled.

We affirm the trial court's judgment.