Opinion issued June 12, 2008












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00222-CV
  __________
 
AUTUMN M. CANALES, Appellant
 
V.
 
KEVIN H. WOMACK, Appellee
 

 
 
On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2003-06574
 

 
 
MEMORANDUM OPINION
          This is an appeal of a take-nothing judgment, entered on a jury verdict in an
automobile collision case. Autumn M. Canales argues that the trial court erred by
entering the judgment, because the evidence is factually insufficient to support the
jury’s verdict. We affirm.
 
Background
          This case arises from an automobile collision between Canales and Kevin H.
Womack. Directly before the accident, Womack was stopped in a gas station
driveway and intended to turn into the left-hand lane by crossing both right-hand
lanes. An 18-wheeler was parked on the street to the left of the driveway and
obstructed Womack’s view of oncoming right lane traffic. Womack began driving
across the right-hand lanes, but collided with Canales’s car when he reached the
second right-hand lane. 
          Canales sued Womack. At the conclusion of trial, the jury was asked, “Did the
negligence, if any, of Kevin H. Womack proximately cause the occurrence in
question?” Ten of the 12 jurors responded “no.” Based on the jury’s verdict, the trial
court entered a take-nothing judgment for Womack. Canales now appeals.
Factual Sufficiency
          In her sole issue, Canales argues that the trial court erred by entering a take-nothing judgment for Womack because the evidence is factually insufficient to support
the jury’s verdict.
Standard of Review
          In determining the factual sufficiency of the evidence to support a jury’s
finding, courts of appeals are to weigh all the evidence, both for and against the
finding. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). In reviewing
a factual sufficiency challenge to a finding where the burden of proof is on the
complaining party, that party must show that “the adverse finding is against the great
weight and preponderance of the evidence.” Id. In conducting our review, we may
not substitute our judgment for that of the jury, which is the sole judge of the
credibility of witnesses and the weight to be given to their testimony. Golden Eagle
Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003).
Analysis
          Canales asserts that the evidence presented at trial clearly establishes that
Womack failed to exercise reasonable care. She argues that Womack’s own testimony
unequivocally establishes his negligence. 
          At trial, Womack admitted that Canales had the right of way, he hit Canales’s
car in her lane of traffic, he was not critical of Canales for anything she failed to do,
and he was responsible for the accident. He testified that the 18-wheeler was blocking
his view to the left and that it would have been reasonable for him to enter the left-hand lane by turning right and then making a U-turn, but that he did not do so because
it is “faster and easier” to drive across both right-hand lanes. Furthermore, Canales
points out that Womack apologized to her after the accident and explained that his foot
had slipped off the brake and onto the accelerator. Rather than deny making such a
statement, Womack merely testified that he does not recall apologizing and, because
he cannot remember, he will defer to her. Nevertheless, he disputed Canales’s
contention that his foot slipped off the brake and onto the accelerator and testified that
he inched his way forward by letting his foot off the brake and not pressing the
accelerator.
          While it is undisputed that Womack testified that he failed to yield the right-of-way and was responsible for causing the accident, a driver’s failure to yield the right-of-way does not give rise to negligence as a matter of law. See, e.g., Middleton v.
Palmer, 601 S.W.2d 759, 765 (Tex. Civ. App.—Fort Worth 1980, writ ref’d n.r.e.). 
Instead, where there is evidence that the driver exercised some care, the jury
determines whether a reasonably prudent driver would have acted in the same way: 
Section 545.256 of the transportation code


 requires the operator of a
motor vehicle emerging from an alley, driveway, or building in a
business district to, on entering the roadway, yield the right-of-way to an
approaching vehicle. However, when the driver exercises some degree
of care, it becomes an issue of fact as to whether the driver’s conduct was
negligent. 

County of Dallas v. Poston, 104 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.)
(citation omitted).
          Here, Womack testified that, because the 18-wheeler blocked his view of
oncoming traffic, he inched his way forward in order to see around the 18-wheeler and
avoid an accident, and did not see Canales until their cars collided. He also introduced
photographs showing minimal damage to both vehicles in support of his contention
that he had inched his way into the street and that the impact was slight. In a case
involving almost identical facts, we held that the jury’s finding that appellee was not
negligent was not against the great weight and preponderance of the evidence: 
The jury may have believed appellee’s version of events: that appellee
stopped and looked for on-coming vehicles before he entered the street
from the parking lot; that parked cars on the street blocked appellee’s
view of appellant’s vehicle; that appellee proceeded at a slow rate of
speed; that appellee did not see appellant’s vehicle until the moment of
impact, when appellant’s vehicle ran into appellee’s driver’s side.

McKinley v. Chang, No. 01-93-01150-CV, 1994 WL 362716, at *3 (Tex.
App.—Houston [1st Dist.] July 14, 1994, writ denied) (not designated for publication). 
Similarly, the jury could have believed Womack’s testimony and found that he drove
in a reasonable manner.


 
          In light of all the evidence, Canales has not shown that the jury’s verdict is
against the great weight and preponderance of the evidence. See Dow Chem., 46
S.W.3d at 242. Accordingly, we hold that the trial court did not err in entering a take-nothing judgment for Womack on the jury’s verdict.
          We overrule Canales sole issue. 
Conclusion
          We affirm the judgment of the trial court. 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Bland.