**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00121-CV**
_____

**CRESENCIA BETANCOURT, Appellant**

**V.**

**GREG OHMER, ET AL, Appellees**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-06-06508-CV**

**MEMORANDUM OPINION**

Cresencia Betancourt (Betancourt or Plaintiff) appeals the trial court's judgment awarding her $3,000 in attorney's fees against Greg Ohmer, the estate of Greg Ohmer, and certain named sole heirs of the estate of Greg Ohmer (Appellees or Defendants) on her breach of contract claim in her suit to quiet title on real property. Finding no abuse of discretion, we affirm the trial court's judgment.

Background

Betancourt alleged in her petition that she and Greg Ohmer executed an Offer to Sell Property with Acceptance, which Betancourt alleged is a Contract for Deed, for the property made the basis of the suit. According to Betancourt, she agreed to pay $39,000 for the property. She alleged that she paid an initial deposit of $5,000, and the remaining balance of $34,000 would be paid over 180 months in monthly payments of $363.00. Betancourt claimed that after Greg Ohmer's death, Defendant Angela Roche requested that the payments be made to Roche. Betancourt contends that she contacted Roche in writing on or about May 22, 2015, to request that the Contract for Deed be converted to a fully executed deed, promissory note, and deed of trust. Betancourt alleged that the Estate and its heirs asserted an adverse claim or interest in the property that operates as a cloud on the title to the property and she contends the Estate and heirs' claim is invalid and unenforceable. In her petition she also alleges that the Magnolia Independent School District filed suit to collect outstanding taxes on the property, and Betancourt believes that the property is also encumbered by a child support lien against Ohmer or his estate filed by the State of Texas.

Betancourt sought a declaratory judgment that she is the sole and rightful owner of the property at issue and that a certain portion of the deed(s) should be

declared null and void. Betancourt also requested that the trial court partition the property and apportion taxes, penalties, interest, and costs. Betancourt sought reasonable and necessary attorney's fees incurred by Betancourt including fees necessary in the event of an appeal to the Court of Appeals and the Supreme Court of Texas.

After a bench trial, the trial court signed a final judgment (1) ordering the Defendants to execute a Special Warranty Deed transferring their interest in the real property at issue to Betancourt; (2) ordering Betancourt to execute a Promissory Note for the total amount owed to Defendants under the lien found to be $27,130.70 as of November 15, 2017; (3) ordering that the total amount owed to Defendants is reduced by $2,427.76 for real property taxes paid by Betancourt for the Defendants' benefit for tax years and periods through April 15, 2009; (4) ordering Betancourt to execute a Deed of Trust for the Defendants' benefit to secure the total amount owed under the Promissory Note; (5) ordering that the Special Warranty Deed, Promissory Note, and Deed of Trust be executed by December 29, 2017; (6) awarding Betancourt a judgment against Defendants for attorney's fees in the amount of $3,000.00 for Betancourt's breach of contract claim; (7) denying Betancourt's claim for attorney's fees for her declaratory judgment claim; and (8) awarding a judgment

3

to the court-appointed attorney ad litem against the Defendants for $1,381.45 in attorney's fees.

The trial court signed Findings of Fact and Conclusions of Law. The trial court included in its findings of fact that "[a] reasonable fee for the necessary services rendered by Ms. Betancourt's attorney in enforcing the contract between Ms. Betancourt and Mr. Ohmer'[s] heirs-at-law is $3,000.00." The conclusions of law included the following:

> [] Tex. Civ. Prac. & Rem. Code 38.001(8) provides that a prevailing party who recovers damages on a claim for breach of an oral or written contract may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs.

> [] In awarding attorney[']s fees the Court considers the amount of money involved, the results obtained and the novelty and difficulty of the question and the Court may award less than the amount testified to by the attorney.

Analysis

In her sole appellate issue, Betancourt argues the trial court abused its discretion in awarding her only $3,000 in attorney's fees on her breach of contract claim. On appeal and in her Motion to Modify, Reform, or Correct the Court's Final Judgment, Betancourt argues that the Court made an oral finding that Betancourt did not sufficiently meet the presentment element for recovery of attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code. According to

4

Betancourt, her counsel presented sufficient evidence about reasonable and necessary attorney's fees for her breach of contract claim in the amount of $16,000 and court costs of $2,503.70, and she "was entitled to receive the full amount as an offset to the remaining owed amounts on the Note."[1]

In arguing that the trial court made an oral finding that Betancourt did not sufficiently meet the presentment element for recovery of attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Betancourt relies on the following comments by the trial court during the trial:

> THE COURT: Now, as to attorney's fees, it does appear that there was a breach of the contract to convey the property, and I'm -- I don't believe I heard any testimony concerning a demand for a deed, although there is a demand that was made in May of 2015 for that, but I don't

---

[1] We note that Betancourt mentions in her appellate brief that she presented "sufficient evidence on the amount of attorney's fees *and costs*[.]" (emphasis added) However, Betancourt requested only that this Court "reverse and render that the $16,000.00 of attorney's fees spent by Appellant was reasonable and necessary," and that "the award of attorney's fees should be modified and rendered by this Court for the full amount pleaded and proved, or in the alternative remanded to the trial court for a new determination of the proper amount of attorney's fees." Generally, we can grant only that relief requested. *See Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 439 (Tex. App.—Dallas 1988, no writ) ("We recognize that there is authority that, upon an appeal, a court of appeals can grant only that relief requested in a party's brief; it cannot grant relief for which no request has been made."); *see also Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 392 (Tex. 2011) (citing *State v. Brown*, 262 S.W.3d 365, 370 (Tex. 2008)) ("Generally, a party is not entitled to relief it does not request."). Betancourt also failed to cite any authority supporting her statement that she may be entitled to such costs. *See* Tex. R. App. P. 38.1(i). For these reasons, we only address whether the trial court abused its discretion in awarding Betancourt attorney's fees in the amount of $3,000.

have any testimony as to any attorney's fees and there is no demand for an amount of attorney's fees in that document. So[,] I will find that a reasonable attorney's fee due and owing to [Plaintiff's counsel] on behalf of his endeavors on the part of the plaintiff would be $3,000. So[,] I award $3,000 in attorney's fees, tax the costs of our ad litem against the defendants as well. All other costs will be taxed against the plaintiff.

A trial court's oral statements at trial do not constitute findings of fact or conclusions of law. *Ifiesimama v. Haile*, 522 S.W.3d 675, 684 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Seasha Pools, Inc. v. Hardister*, 391 S.W.3d 635, 640 (Tex. App.—Austin 2012, no pet.); *see also In re Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002) ("Oral comments from the bench are not written findings of fact."); *Intec. Sys., Inc. v. Lowrey*, 230 S.W.3d 913, 918 (Tex. App.—Dallas 2007, no pet.) ("A court's oral statements 'cannot substitute' for findings and conclusions."); *Cty. of Dallas v. Poston*, 104 S.W.3d 719, 722 (Tex. App.—Dallas 2003, no pet.) ("A trial court's oral comments following a bench trial may not be substituted for a written finding of fact. [] Thus, we may not look to such comments to determine the basis for the trial court's ruling." (citations omitted)). "Statements made by a trial court outside of properly filed written findings and conclusions do not limit an appellate court's review." *Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 615 (Tex. App.—Dallas 2003, pet. denied). Furthermore, in civil cases, when a trial

6

court's oral pronouncement conflicts with a written judgment, the written judgment prevails. *Seasha Pools*, 391 S.W.3d at 640.

To the extent that Betancourt argues that these comments by the trial court amount to an "oral finding" that Betancourt did not meet the presentment element under Chapter 38, these statements cannot substitute for findings and conclusions. *See id.*; *Intec Sys.*, 230 S.W.3d at 918. The trial court made written findings of fact and conclusions of law. In the written findings and conclusions, the trial court did not make any findings or conclusions concerning presentment of Betancourt's claim for attorney's fees. Accordingly, in determining the basis for the trial court's ruling, we do not consider the trial court's oral statement about a demand for attorney's fees or the "presentment element" of Betancourt's attorney's fees on her breach of contract claim. *See Larry F. Smith*, 110 S.W.3d at 615; *Poston*, 104 S.W.3d at 722.

As part of her appellate issue, Betancourt argues that she presented sufficient evidence that $16,000 was a reasonable and necessary amount of attorney's fees for her claim, that she was entitled to $16,000 as an offset to the remaining owed amounts on the Note, and that the trial court abused its discretion in awarding only $3,000 in attorney's fees. In its findings of facts and conclusions of law, the trial court found that $3,000 was a reasonable fee for Plaintiff's counsel in enforcing the contract and that, in awarding this fee, the trial court considered "the amount of

7

money involved, the results obtained and the novelty and difficulty of the question and the [trial court] may award less than the amount testified to by the attorney."

A party appealing from a nonjury trial in which the trial court made findings of fact and conclusions of law should direct her attack on the sufficiency of the evidence at specific findings of fact, rather than at the judgment as a whole. *See Nw. Park Homeowners Ass'n, Inc. v. Brundrett*, 970 S.W.2d 700, 704 (Tex. App.—Amarillo 1998, pet. denied). A challenge to an unidentified finding of fact may be sufficient if we can fairly determine from the argument the specific finding of fact that the appellant challenges. *See Shaw v. Cty. of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied) (citing *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 863 (Tex. 2005)). Although here Betancourt failed to challenge any specific finding of fact, we can fairly determine from the argument that Betancourt is challenging Finding of Fact 5 where the trial court found that $3,000 was a reasonable fee for the necessary services of Betancourt's attorney in enforcing the contract.

A prevailing party on a breach of contract claim may recover reasonable attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2015). The party seeking attorney's fees bears the burden of establishing the fees are

reasonable and necessary. *In re Nat'l Lloyds Ins. Co*., 532 S.W.3d 794, 809 (Tex. 2017) (orig. proceeding).

The amount of attorney's fees awarded by the trial court in a bench trial is reviewed for an abuse of discretion. *Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 490 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (citing *Ridge Oil Co. v. Guinn Invs., Inc*., 148 S.W.3d 143, 163 (Tex. 2004)); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). The trial court abuses its discretion if it awards expenses without legally and factually sufficient evidence that the attorney's fees awarded were reasonable. *Cf. Bocquet*, 972 S.W.2d at 20-21; *Charette v. Fitzgerald*, 213 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In determining if the evidence is legally sufficient, we must consider evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *See Bass v. Walker*, 99 S.W.3d 877, 883 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 883. When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). After considering all the evidence, we will set aside

9

the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). In a nonjury trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Tate v. Commodore Cty. Mut. Ins., Co*., 767 S.W.2d 219, 224 (Tex. App.—Dallas 1989, writ denied).

An attorney's fees award must be supported by evidence that the fees are reasonable and necessary. *Wilstein*, 471 S.W.3d at 490. "The reasonableness of attorney's fees is ordinarily left to the factfinder[.]" *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009). A trial court determines the reasonableness of the amount awarded as attorney's fees by considering eight nonexclusive factors enumerated in *Arthur Andersen & Co. v. Perry Equip. Corp*., 945 S.W.2d 812, 818 (Tex. 1997). *In re Nat'l Lloyds Ins. Co*., 532 S.W.3d at 809; *Wilstein*, 471 S.W.3d at 490; *see also Smith*, 296 S.W.3d at 548 ("We have held that the *Arthur Andersen* factors apply to fee awards made by trial courts, not just juries.").

The factors are (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time

limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on the results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen*, 945 S.W.2d at 818 (citing Tex. Disciplinary Rules Prof'l Conduct 1.04(b), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G, app. A) (West 2013).

A trial court need not receive evidence on each *Arthur Andersen* factor. *Brockie v. Webb*, 244 S.W.3d 905, 909-10 (Tex. App.—Dallas 2008, pet. denied). An award of attorney's fees must not be "excessive or extreme, but rather moderate or fair." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). While an attorney's testimony is some evidence of a reasonable fee, it is not conclusive. *Id.*

Plaintiff's counsel provided testimony about the attorney's fees:

> . . . I'm a licensed attorney in the state of Texas. I have been licensed in the state of Texas since November of 2012. I practice primarily in real estate law.
> It is my belief that the plaintiff is entitled to recover reasonable attorney's fees requested pursuant to Texas Rules of Civil Practice and Remedies Code 37.009 and 38.001.
> It is my opinion that the fees that we are requesting are reasonable attorney's fees based upon the following factors: the novelty and difficulty of the issue involved, the skill required to provide legal service properly, and the experience, reputation, and expertise of myself as a lawyer, in addition to the time and labor involved to perform the legal services and the fee customarily charged in this community.

11

. . . [I]t is my opinion that the attorney's fees incurred by my client in a total of $16,000 is a reasonable and necessary amount for the prosecution of this case. We have billed the -- our client at $200 an hour, and we have billed a total of 80 hours.

Those hours include petition drafting, amended pleadings and responses to pleadings of approximately ten hours, drafting and preparing of motions and responses to opposing parties' motions, review of documents of approximately 14 hours, participation in hearings and time spent of approximately five hours, preparation of trial . . . , including preparation of Findings of Fact and Conclusions of Law and exhibit lists, witness prep, approximately 18 hours; drafting and responding to written discovery, approximately four hours; time included in pretrial hearings of various kinds, of approximately five hours; and then general communication, including E-mail, written correspondence with Ms. Roche, my client, the previous attorneys for the taxing authority, et cetera, of approximately 25 hours.

. . . .

Your Honor, in addition to the attorney's fees, I want to be mindful that my client will also be seeking to recover the costs of court incurred. And the total costs of those -- the court incurred were $2,503.70 prior to any billing from the attorney ad litem in this matter. And those include the costs of citation by publication, the service of process on the multiple parties that were listed as defendants, and the costs of filing.

The trial court here adjusted the attorney's fees sought from $16,000 down to $3,000. The trial court expressly stated in its conclusions of law that in awarding the attorney's fees it considered "the amount of money involved, the results obtained and the novelty and difficulty of the question[,]" and that it "may award less than the amount testified to by the attorney." After considering all the evidence in a light most favorable to the challenged finding and indulging every reasonable inference that would support it, we cannot say that the finding of the trial court is so contrary

12

to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Pool*, 715 S.W.2d at 635. In this case, the trial court may have determined that the fees were unsegregated and that a significant portion of the attorney's fees were attributable to claims upon which attorney's fees are not recoverable. We cannot say the trial court abused its discretion in awarding the fees. *See Wilstein*, 471 S.W.3d at 490. We overrule Betancourt's appellate issue. The trial court's judgment is affirmed.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 26, 2018
Opinion Delivered January 17, 2019

Before Kreger, Horton, and Johnson, JJ.