**Affirmed and Opinion Filed March 14, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01122-CV

**CIA BABIY, Appellant**
**V.**
**RAMZI MORGAN KELLEY, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-04069-2015**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Nowell

In this negligence case, the jury returned a verdict that neither the plaintiff nor the defendant were negligent. The trial court rendered judgment that plaintiff take nothing on her claim. In two issues on appeal, Cia Babiy contends the jury's verdict was contrary to the conclusive evidence or against the great weight and preponderance of the evidence and that the trial court erred by refusing her request for an instruction on negligence per se. We affirm.

### BACKGROUND

Around 8:30 p.m. on December 19, 2013, Babiy and her husband, Mark Van Tassell, were walking South on South Kentucky Street in McKinney. They stopped at the corner of West Louisiana Street and South Kentucky Street and waited for the light to change. Both streets are one-way streets, West Louisiana heading East and South Kentucky heading south. Ramzi Morgan

Kelley was driving South in the left hand lane on South Kentucky Street. She stopped at a red light, planning to turn left into the left-hand lane of West Louisiana Street. The weather that night was clear and the intersection was lighted.

At the same time that Kelley's traffic signal turned green, the pedestrian control signal in front of Babiy indicated "WALK." Babiy looked both ways before crossing, but did not see Kelley's vehicle before the accident. Babiy took a couple of strides into the crosswalk when she was hit by Kelley's vehicle.

Kelley testified that when the light turned green, she looked for pedestrians, paused a couple of seconds, then lifted her foot off the brake and, without pressing the accelerator, began making a left turn. Moments later, Kelley's vehicle collided with Babiy, who was forced to the ground at the side of the vehicle. Kelley testified she looked in front, to the right, and to the left before she turned and did not see Babiy or Van Tassell until she hit them.

Babiy testified she injured her neck, shoulder, left leg, right knee, and left hand. The police report recorded that Babiy complained of bodily pain and sustained minor injuries on one of her arms. She was treated at the scene and released.

Van Tassell estimated Kelley was travelling about five miles an hour at the time of impact. He testified they had taken several steps into the street when he looked to his right and saw Kelley's vehicle approaching just as it reached him. The vehicle struck Babiy, sending her to the ground, while Van Tassell was lifted onto the hood of Kelley's vehicle. Van Tassell was not injured in the accident.

Kelley testified there was a bush blocking her view and that she believed Babiy and Van Tassell were standing behind the bush and stepped out just as Kelley was making her turn into the lane. Kelley also testified there was a large sign or monument on the corner where Babiy and Van Tassell were waiting to cross the street. Several photographs and diagrams of the intersection were

admitted in evidence. One page of the Texas Driver Handbook section titled "Yield the Right-of-Way to Pedestrians" was admitted in evidence. This page includes the statement: "Drivers must give the right-of-way to pedestrians: . . . If the pedestrian has a WALK signal."

At the charge conference, Babiy requested the following instruction be included with the general negligence question:

> The law requires drivers to give the right-of-way to pedestrians if the pedestrian has a walk signal. Failure to comply with this law is negligence in itself.

The trial court refused the instruction and overruled Babiy's objection to the failure to include the instruction. The jury failed to find that the negligence, if any, of either Kelley or Babiy proximately caused the occurrence. The trial court denied Babiy's motions to disregard the jury's findings and for judgment notwithstanding the verdict, and rendered judgment that Babiy take nothing from Kelley. The trial court also overruled Babiy's motion for new trial.

## DISCUSSION

### A. Sufficiency of the Evidence

In her first issue, Babiy contends the evidence is legally and factually insufficient to support the jury's verdict.

When reviewing the legal sufficiency of the evidence, we determine "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We review the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable juror could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* Evidence is legally insufficient when (a) evidence of a vital fact is completely absent; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 810.

–3–

When reviewing the factual sufficiency of the evidence, we consider all the evidence and will set aside the verdict only if the evidence supporting the jury finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016). This Court, however, is not a fact finder, and we may not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence. *See Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). "[T]he jury is the sole judge of the credibility of witnesses and the weight to be given their testimony." *Golden Eagle Archery, Inc., v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). A fact finder "may disregard even uncontradicted and unimpeached testimony from disinterested witnesses," so long as the decision to disregard is reasonable. *City of Keller*, 168 S.W.3d at 820.

When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Evidence is conclusive only if reasonable people could not differ in their conclusions. *See City of Keller*, 168 S.W.3d at 816. When a party attacks the factual sufficiency of an adverse finding on an issue on which she had the burden of proof, she must demonstrate on appeal that the adverse finding was against the great weight and preponderance of the evidence. *Francis*, 46 S.W.3d at 242.

### 1. Negligence per se

Babiy argues the evidence conclusively establishes that Kelley was negligent per se. She contends Kelley violated section 552.002(b) of the Transportation Code:

> (b) A pedestrian facing a "Walk" signal may proceed across a roadway in the direction of the signal, and the operator of a vehicle shall yield the right-of-way to the pedestrian.

TEX. TRANSP. CODE ANN. § 552.002(b).

Negligence per se is a common law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims. *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). Not every penal statute creates an appropriate standard of care for civil liability purposes. *Id.* A court is therefore not required to adopt the penal statute's standard as the standard for civil liability. *Id.*; *Rudes v. Gottschalk*, 324 S.W.2d 201, 204 (Tex. 1959) ("As the power of adopting or rejecting standards rests with the civil courts, we may accept or reject the criminal statute or use such part thereof as may be deemed appropriate for our purposes.").

At times, the supreme court has used language suggesting that any statutory violation is automatically negligence per se. *See*, *e.g.*, *S. Pac. Co. v. Castro*, 493 S.W.2d 491, 497 (Tex. 1973) (stating that to prove negligence per se, one must prove the unexcused violation of a penal standard). The correct rule, however, is: "The unexcused violation of a legislative enactment or an administrative regulation *which is adopted by the court as defining the standard of conduct of the reasonable man*, is negligence in itself." *Perry v. S.N.*, 973 S.W.2d 301, 304 n.4 (Tex. 1998) (citations omitted).

A statute that creates an absolute duty may be appropriate for negligence per se because the statutory duty supplants the common law duty of ordinary care. *See Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 455 (Tex. App.—Texarkana 2002, pet. denied). But a statute that creates a conditional duty or merely restates the common law ordinary care standard is not appropriate for negligence per se. *See id.* at 456 (statute incorporating ordinary care standard does not establish specific standard of conduct different from common law standard); *Hemphill v. Meyers*, 469 S.W.2d 327, 328 (Tex. Civ. App.—Austin 1971, orig. proceeding). If a statute imposes a duty that is conditional, rather than absolute, violation of the statute does not constitute

negligence per se. *Missouri-K.-T. R.R. v. McFerrin*, 291 S.W.2d 931, 935–36 (Tex. 1956). Instead, the "reasonable person" standard of common law negligence is read into the statute. *Cudworth v. South Tex. Paisano Const. Co.*, 705 S.W.2d 315, 317 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.); *Booker v. Baker*, 306 S.W.2d 767, 773–74 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.).

Babiy argues that section 552.002(b) establishes an absolute duty on a driver to yield the right-of-way to a pedestrian facing a "Walk" signal and leaves the driver no discretion or room for the exercise of judgment. We disagree that the statute creates a mandatory duty appropriate for civil liability. Section 552.002 requires a driver to "yield the right of way" to a pedestrian crossing a roadway while facing a "Walk" signal. TEX. TRANSP. CODE ANN. § 552.002(b). The transportation code expressly defines "right of way" as:

> "Right-of-way" means the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian that is approaching from a direction, at a speed, and within a proximity that could cause a collision unless one grants precedence to the other.

TEX. TRANSP. CODE ANN. § 541.401(8). The duty to yield the right-of-way is conditioned on a determination that "another vehicle or pedestrian" is approaching "from a direction, at a speed, and within a proximity that could cause a collision unless one grants precedence to the other." *Id.* Thus, the statutory duty requires persons to evaluate the direction, speed, and proximity of another vehicle or pedestrian before they may proceed in a lawful manner. *See McFerrin*, 291 S.W.2d at 936 (duty to stop at railroad crossing when approaching train is plainly visible and in hazardous proximity to crossing "is not absolute but is conditioned on the existence at that time of a certain state of facts").

Babiy emphasizes that section 552.002 uses the mandatory language "*shall* yield the right-of-way." Section 552.002 is one of several sections of the Rules of the Road using the phrase "shall yield the right-of-way." *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 544.007, 545.061, .152,

.153, .154, .155, .251, 552.002, .003, .005, .006.  However, "a statutory right-of-way rule is not absolute but relative, and is subject to the qualification that a person entitled to claim such right will exercise it with proper regard for the safety of himself and others." *McWilliams v. Muse*, 300 S.W.2d 643, 645 (Tex. 1957) (citing *Lewis v. Martin*, 120 S.W.2d 910, 913 (Tex. Civ. App.—Amarillo 1938, writ ref'd)).  "The person having the right-of-way cannot exercise it with impunity." *Stanley v. S. Pac. Co.*, 466 S.W.2d 548, 553 (Tex. 1971).  This Court has concluded that such statutes

> come within the class of statutes in which the common-law standard of the reasonably prudent [person] must be used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. The duties imposed by these particular statutes are not absolute, they are conditional. They do not dispense with the necessity of a finding of fact as to whether the conduct of a motorist was negligent under the circumstances.

*Booker v. Baker*, 306 S.W.2d 767, 773–74 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.).

In *County of Dallas v. Poston*, this Court concluded that section 545.155, among other statutes, did not create an appropriate standard for civil liability.  *Cty. of Dallas v. Poston*, 104 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).  Section 545.155 uses the same "shall yield the right-of-way" language as section 552.002.  Section 545.155 provides:

> An operator about to enter or cross a highway from an alley, building, or private road or driveway shall yield the right-of-way to a vehicle approaching on the highway to be entered.

TEX. TRANSP. CODE ANN. § 545.155.  The Court held that the duty imposed by this section is not absolute; rather, "the appropriate inquiry is whether a reasonably prudent driver under the same or similar circumstances would have yielded the right-of-way." *Cty. of Dallas*, 104 S.W.3d at 722; *see also Hemphill v. Meyers*, 469 S.W.2d 327, 328 (Tex. App.—Austin 1971, orig. proceeding).

Courts have also held that a driver's failure to yield the right-of-way does not give rise to negligence as a matter of law.  *See Middleton v. Palmer*, 601 S.W.2d 759, 765 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.); *Canales v. Womack*, No. 01-07-00222-CV, 2008 WL 2388132, at

*2 (Tex. App.—Houston [1st Dist.] June 12, 2008, no pet.) (mem. op.). Instead, when evidence shows that the driver exercised some care, "it becomes an issue of fact as to whether the driver's conduct was negligent." *Cty. of Dallas*, 104 S.W.3d at 723.

Babiy cites an unpublished opinion from this Court which held the statutory duty to stop when facing a steady red traffic signal established negligence per se. *Carrington v. Denison Poultry & Egg Co.*, 05-91-01181-CV, 1992 WL 193487, at *2 (Tex. App.—Dallas Aug. 11, 1992, writ denied) (per curiam, not designated for publication); *see* TEX. R. APP. P. 47.7(b) (opinions designated "do not publish" prior to January 1, 2003 have no precedential value). *Carrington* is not precedent, but, even so, it addressed a different statute and found the mandatory duty to stop at a red traffic signal supplanted the common law duty of ordinary care. *Id.* We recognized that the duty to stop at a red signal is not conditioned on the occurrence of certain facts to be determined by the common law negligence standard. *Id.* at *3. However, the statute at issue here requires an operator to yield the right-of-way when circumstances indicate that the failure to do so could result in a collision. *See* TEX. TRANSP. CODE ANN. §§ 552.002(b); 541.401(8). The appropriate inquiry is whether a reasonably prudent driver under the same or similar circumstances would have yielded the right-of-way. *Cty. of Dallas*, 104 S.W.3d at 722.

Babiy argues that section 552.002(b) is meaningless if it does not establish negligence per se. We cannot agree. The statute imposes a criminal law duty the violation of which subjects the operator to criminal penalties. *See* TEX. TRANSP. CODE ANN. § 542.301(a) (a person commits an offense if the person performs an act prohibited or fails to perform an act required by subtitle C). The only issue here is whether a court should adopt the statutory standard as a standard for civil liability. *See Smith*, 940 S.W.2d at 607. That decision has no impact on the application of the statute to criminal penalties. *See McFerrin*, 291 S.W.2d at 939 (stating that applying common law negligence standards "does not render the statute nugatory or futile," rather, violation of the statute

–8–

subjects the person to criminal penalties).

Based on the statutory definition of right-of-way and case law interpreting similar statutes, we conclude section 552.002(b) does not create an appropriate standard of care for negligence per se. Accordingly, Babiy filed to conclusively prove that Kelley's negligence proximately caused her injury under her negligence per se theory.

### 2.      Legal Sufficiency

Babiy next contends the evidence conclusively establishes Kelley's negligence under the common law. To prevail on a negligence cause of action, a plaintiff must prove the defendant owed a legal duty to the plaintiff, the defendant breached that duty, and the breach proximately caused the plaintiff's injuries. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Proximate cause consists of cause in fact and foreseeability. *Sw. Key Program, Inc. v. Gil–Perez*, 81 S.W.3d 269, 274 (Tex. 2002); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "These elements cannot be established by mere conjecture, guess, or speculation." *W. Invs., Inc.*, 162 S.W.3d at 551. The test for cause in fact is whether the negligent act was a substantial factor in bringing about the injury, without which the harm would not have occurred. *See Sw. Key Program, Inc.*, 81 S.W.3d at 274. The test for foreseeability is whether a person of ordinary intelligence should have anticipated the danger created by the negligent act. *Id.*

A driver has a general duty to exercise ordinary care and to keep a proper lookout. *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.). "The duty to keep a proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied). "The failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident

by evasive action and but for such failure the collision could have been avoided." *Montes v. Pendergrass*, 61 S.W.3d 505, 510 (Tex. App.—San Antonio 2001, no pet.).

Babiy contends that if the jury believed that Kelley did not see Babiy before hitting her, the evidence proves Kelley breached the duty to keep a proper lookout. Alternatively, she asserts, if the jury believed Kelley saw Babiy, then the evidence proves Kelley failed to yield the right-of-way. Babiy concludes that under either circumstance, the evidence conclusively establishes that Kelley was negligent. We disagree. The mere occurrence of a collision does not establish negligence as a matter of law. *Ciguero*, 455 S.W.3d at 748; *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Nor is the mere fact that an accident occurred evidence of a failure to keep a proper lookout. *Brister v. Lasiter*, 444 S.W.2d 331, 335 (Tex. Civ. App.—El Paso 1969, writ ref'd n.r.e.); *see also Cantrell v. Markham & Brown Co. & Associates*, 452 S.W.2d 940, 943–44 (Tex. Civ. App.—Dallas 1970, writ ref'd n.r.e.).

Here the jury heard evidence that Kelley exercised some degree of care: she stopped at the red light, when the light changed, she looked for pedestrians, looked both directions, then slowly proceeded to turn left. The fact the Kelley did not see Babiy even though her vision was not obstructed does not automatically establish a breach of the duty of proper lookout. *See Rodriguez, ex rel. Rodriguez v. Garcia*, No. 08-01-00068-CV, 2001 WL 1515836, at *3 (Tex. App.—El Paso Nov. 29, 2001, no pet.) (not designated for publication); *Gomez v. Adame*, 940 S.W.2d 249, 252 (Tex. App.—San Antonio 1997, no writ); *Brister*, 444 S.W.2d at 335. The question of whether Kelley's negligence, if any, proximately caused Babiy's injury under these circumstances was for the jury. *See Cty. of Dallas*, 104 S.W.3d at 723; *Middleton*, 601 S.W.2d at 765.

We conclude the evidence is legally sufficient to support the jury's verdict.

### 3. Factual Sufficiency

Babiy contends the jury's finding was against the great weight and preponderance of the

evidence.

The jury heard evidence that Kelley looked for pedestrians and both directions before turning. The accident occurred at night, although it was clear and the intersection was lighted. There was also evidence that a bush or monument sign on the corner obstructed Kelley's view. The jury heard evidence that even though she looked, Kelley did not see Babiy before hitting her. It also heard evidence that even though Babiy looked both ways before crossing, she did not see Kelley's vehicle. Cases have long recognized that the occurrence of an accident or collision is not of itself evidence of negligence. *Rankin v. Nash-Texas Co.*, 105 S.W.2d 195, 199 (Tex. [Comm'n Op.] 1937); *Gomez*, 940 S.W.2d at 252; *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Here the evidence does not greatly preponderate in favor of a finding that Kelley was negligent. The jury could reasonably conclude from all the evidence that under the circumstances of this case the failure of both the driver and the pedestrian to see the other was not negligence.

We conclude the evidence is factually sufficient to support the jury's verdict.

### 4.   Summary

Crediting all favorable evidence that reasonable jurors could believe and disregarding all contrary evidence except that which they could not ignore, we conclude the evidence is legally sufficient to support the jury's verdict. After reviewing all the evidence, we cannot say the jury's verdict is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Thus the evidence is factually sufficient to support the verdict. We overrule Babiy's first issue.

## B.  Jury Instruction

In her second issue, Babiy argues the trial court abused its discretion by refusing her requested instruction on negligence per se.

We review the trial court's decision to submit or refuse a requested jury instruction for an abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006) (per curiam). Because we have concluded that Transportation Code section 552.002 is not appropriate for negligence per se, we conclude the trial court did not abuse its discretion by denying Babiy's requested instruction. We overrule her second issue.

## CONCLUSION

We conclude the evidence is legally and factually sufficient to support the jury's verdict and that Babiy was not entitled to the requested instruction on negligence per se. Accordingly, we overrule her issues and affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

171122F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CIA BABIY, Appellant

No. 05-17-01122-CV      V.

RAMZI MORGAN KELLEY, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-04069-2015.
Opinion delivered by Justice Nowell.
Justices Schenck and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RAMZI MORGAN KELLEY recover her costs of this appeal from appellant CIA BABIY.

Judgment entered this 14th day of March, 2019.